**J. P. JORGENSEN, St. Thomas**

**v.**

**SOPHIA ROSALINE CLEN, St. Croix**

# Civil Case No. 6 - 1918
# District Court of St. Thomas and St. John
# December 2, 1918*

*Same case on appeal, see p. 497, this volume*

*As taken from Transcript of Record in the United States Court of Appeals, Third Circuit, where it is designated "Judgment".

J. P. JORGENSEN, *plaintiff*, without counsel
C. H. PAYNE, *for defendant*

THIELE, *Judge*

In July, 1914, a contract was entered into between plaintiff in this case, J. P. Jorgensen, St. Thomas, and the defendant, Widow Sophia Rosaline Clen, St. John, with her husband, H. Clen, who died shortly after, concerning the renting of Estate Leinster Bay in St. John. The lease was for Clen('s) and his wife's lifetime, provided that the estate was kept in good order and that the monthly rent of Frcs. 125.00 was paid every three months, so

that the contract could be annulled if rent was not paid for six months, in which case the lessee could be given one month's notice to leave the estate.

The plaintiff has asserted that by verbal agreement between him and the defendant — Mr. Clen was then dead — the contract was annulled in the month of June, 1916, but nothing was written about this and plaintiff has not been able to prove the correctness of this statement, which has been denied by the defendant. Plaintiff has then brought this suit against the defendant for payment of rent from 1st September, 1914, to 31st May, 1918, which rent he has calculated to be Frcs. 5,500.00 from which amount, however, must be deducted an amount of Frcs. 2,750.00 which the plaintiff calculated he owes to defendant for pasturing of cattle on the estate. Plaintiff has further asked for the Court's decision directing the defendant to leave the estate as she has not paid the rent due according to the contract of lease.

The defendant has admitted that she has not since the contract of lease was entered into paid any rent whatsoever to the plaintiff but she has declared that she has a larger claim on plaintiff that he has on her and she has asked for a decision from the Court directing the plaintiff to pay to her the difference between the claims and she has furthermore protested against leaving the estate. The defendant, Mrs. Clen, has filed the following claims against the plaintiff, Jorgensen:

1. A balance claimed by defendant to be due from the purchase by the plaintiff of the Estate Leinster Bay from her late husband, say Frcs. 2,-500.00.

The plaintiff has protested against this claim. He has shown that he bought said estate shortly before Mr. Clen

died for Frcs. 15,000.00 which amount was settled in the following way:

| | | |
|---|---|---:|
| He redeemed Clen's debt to the National Bank of ............................................... | Frcs. | 12,574.00 |
| He redeemed a mortgage-bond to himself of | " | 1,744.25 |
| He paid for stamps | " | 150.00 |
| Taxes for 1913 | " | 80.00 |
| For cancelling of bond | " | 3.75 |
| Insurance premium | " | 17.00 |
| And the balance he gave account for to the Court in administration of Clen's estate, viz.: | | 431.00 |
| | Frcs. | 15,000.00 |

He has further drawn the Court's attention to the fact that the above mentioned contract of lease, which was made after the sale and before Clen died, does not mention that he was indebted to Clen for an amount of Frcs. 2,500.00 but that it on the contrary is stated in par. 7 of said contract that Clen is indebted to plaintiff Jorgensen for an amount of Frcs. 2,000.00. The plaintiff has also referred to the fact that the joint estate of Clen and his wife, the (latter the) defendant in this case, was adjusted by the Court after Clen's death in 1914 and that the defendant then did not mention that she had any claim amounting to Frcs. 2,500.00 against the plaintiff but admitted that the estate was indebted to the plaintiff for Frcs. 1,602.30, which debt was acknowledged by the Court to be correct and in accordance with the direction of the Court was paid out of said estate to the plaintiff.

Finally the plaintiff has asserted that the defendant in May, 1915, borrowed about Frcs. 5,000.00 from him.

■ The defendant has not in any way tried to prove her claim of Frcs. 2,500.00 although the burden of proof entirely rests upon her. She has not on any special point protested against what the plaintiff has asserted concerning the sale of Leinster Bay. She has only in a vague way asserted that she knows that Jorgensen owed her about Frcs. 2,500.00 from said sale and that she could prove the correctness of this by her oath. She has not offered any explanation why it was stated in the contract of lease that she and her husband were indebted to the plaintiff for Frcs. 2,000.00 but only said that she did not know what she was signing with regard to the proceedings before the Court in administration of the estate. She has also in a similar way stated that she was quite ignorant about all the Court proceedings.

The Court must consequently hold that the defendant has no claim whatsoever against the plaintiff arising from the sale of Estate Leinster Bay.

■ The defendant has further claimed:

2. Frcs. 2,060.00 for pasturing of cattle to April, 1917, and this claim the plaintiff admits to be correct.

Then the defendant claims:

3. For pasturing of 107 head of cattle from April 1st, 1917, to December 31st, 1917, for Frcs. 5.00 a month per head                Frcs. 4,815.

This claim the plaintiff protests against and declares that he is only willing to pay Frcs. 2.50 a month for each head or a total of Frcs. 2,407.50. It can be seen from the proceedings that when the plaintiff sent his cattle to pasture on Leinster Bay Estate in July, 1916, the usual price was Frcs. 2.50 a head per month and that the defendant not before October, 1917, informed the plaintiff that she considered the price to be raised from April 1st same

5

year to Frcs. 5.00 a head, whereupon the plaintiff immediately took steps to have the cattle removed from Leinster Bay.

The defendant has asserted that from April, 1917, the usual monthly price for pasturing of cattle in St. John was Frcs. 5.00 a head and she has produced declarations from different people which in her opinion should prove this.

The Court cannot see that any of said declarations can prove that the price for pasturing in 1917 was as stated by the defendant, but even if this was so the defendant had no right to raise the price from Frcs. 2.50 to Frcs. 5.00 without giving proper notice to the plaintiff and she can consequently not claim more for the last period than Frcs. 2.50 a head or a total of Frcs. 2,407.50.

■ Finally the defendant claims:

4. For pasturing of calves Frcs. 375.00.

The plaintiff has repudiated this claim stating that it is not customary to pay for calves following their mother and the defendant has failed to prove that the calves were not following their mother and she can consequently not claim anything from the plaintiff for the pasturing of calves.

From the above will be seen that the defendant has against the plaintiff:

| | |
|---|---|
| The claim mentioned in item 2. for | Frcs. 2,060.00 |
| The claim mentioned in item 3. | Frcs. 2,407.50 |
| Aggregating | Frcs. 4,467.50 |

■ The plaintiff declares that he at least has paid defendant during the time the cattle were on the estate Frcs. 2,750.00 for pasturage and the defendant has acknowledged having received such an amount. She has however stated that the whole amount was spent in improving the

6

estate. This has been denied by the plaintiff who claims that the said Frcs. 2,750.00 was payment for the pasturage. The defendant has not even tried to prove that she really has made any improvements on the estate and besides it is stated in par. 6 of the above-mentioned contract of lease, that the lessee shall keep the estate in order. The Court cannot see with what right the defendant asserts that said Frcs. 2,750.00 was used on the estate for the account of the plaintiff; the Court must hold that this amount as stated by the plaintiff should be considered payment for the pasturage.

As stated above, the defendant's claims against the plaintiff for pasturage amount to        Frcs. 4,467.50
and when from this is deducted       "   2,750.00

defendant can claim from plaintiff for pasturage a balance of         Frcs. 1,717.50

■ As admitted by the defendant she owes for rent to the plaintiff      Frcs. 5,500.00
when from this is deducted the above    "   1,717.50

it leaves a balance in the plaintiff's favor of Frcs. 3,782.50

Whereas the plaintiff has in the summons only demanded judgment for Frcs. 2,750.00 he cannot obtain judgment for more than this amount with interest at 6 per cent per annum from the date of complaint to the Reconciling Court the 3rd June, 1918, till payment takes place.

■ As the defendant has failed to pay the rent in accordance with the contract she has forfeited her right according to said contract. She must leave Leinster Bay within a month after a copy of this judgment has been served upon her. The defendant shall pay to the plaintiff the costs of the case with Frcs. 200.00.

7

The Court cannot approve of the way the defendant has acted in the case. It is evident that she failed to furnish her attorney with the necessary information and she has withheld important information from the Court and by her way of denying the statements given by the plaintiff she has compelled the plaintiff to procure information which it was the duty of the defendant to furnish, but the Court does not find quite sufficient reason to impose a fine on the defendant.

No violation of the ordinance concerning stamped paper has taken place during the case.

The Order of the Court is now:

That within 15 days after a copy of this judgment has been served upon her the defendant, Mrs. Sophia Rosaline Clen, shall pay to the plaintiff, J. P. Jorgensen, Frcs. 2,750.00 with interest of (on) this amount at 6 per cent per annum from 3rd June, 1918, until payment takes place and also the costs of the case with Frcs. 200.00. Furthermore the defendant shall within a month after this judgment has been served upon her relinquish the possession of Estate Leinster Bay.

To be complied with according to the law.

